**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **MONIQUE KENNEDY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIV. ACT. NO. 1:26-cv-234-TFM-MU** |
| | ) | |
| **MAERSK LINE, LIMITED,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is *Defendant Maersk Line, Limited's Motion to Dismiss Plaintiff's Complaint for Lack of Personal Jurisdiction* (Doc. 7, filed July 21, 2026) in which Defendant Maersk Line, Limited motions the Court, pursuant to Fed. R. Civ. P. 12(b)(2), dismiss the Complaint in this matter or, in the alternative and pursuant to 28 U.S.C. § 1406(a), transfer it to the Eastern District of Virginia, Norfolk Division. Having considered the motion, response, and the relevant law, the Court finds the alternative motion to transfer venue is due to be **GRANTED**, while the motion to dismiss is **DENIED in moot**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. Factual Background

Defendant Maersk Line, Limited ("Defendant" or "MLL"), is a Delaware corporation providing ocean shipping services and is headquartered, and has its principal place of business, in Norfolk, Virginia. Doc. 7-1 at 1-2. In the State of Alabama, MLL is neither registered to do business, conducts business, has offices or employees, nor offers or provides services. *Id.* at 3. Plaintiff Monique Kennedy ("Plaintiff" or "Kennedy") was an employee of MLL and served as a crewmember aboard its vessels. Doc. 1 at 1.

### B. Procedural Background

Plaintiff originally filed her Complaint in this matter on June 24, 2026, in which she asserts jurisdiction under the Jones Act, 46 U.S.C.§ 30104, and general maritime law. Doc. 1. On July 21, 2025, Defendant filed the instant motion to dismiss. Doc. 7. On August 3, 2026, Plaintiff filed a response to the motion to dismiss. Doc. 13. The motion to dismiss is ripe for review, and the Court finds oral argument unnecessary.

## II. STANDARD OF REVIEW

A defendant may move to dismiss an action based on "lack of personal jurisdiction." FED. R. CIV. P. 12(b)(2). "A plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009). The district court has two options when a defendant files a Fed. R. Civ. P. 12(b)(2) motion to dismiss for lack of personal jurisdiction: "(1) hold an evidentiary hearing before trial to make factual findings about personal jurisdiction or (2) decide the motion to dismiss under a prima facie standard without an evidentiary hearing." *N. Am. Sugar Indus., Inc. v. Xinjiang Goldwind Sci. & Tech. Co.*, 124 F.4th 1322, 1333 (11th Cir. 2025) (citation and quotations omitted); *see also Acrylicon USA, LLC v. Silikal GmbH*, 985 F.3d 1350, 1364 (11th Cir. 2021) (citations omitted) ("While the plaintiff bears the burden of establishing personal jurisdiction, the plaintiff's burden of proof varies according to how the strict court chooses to proceed.")

"Whether the plaintiff satisfies the prima facie requirement is a purely legal question; the district court does not weigh evidence or make credibility determinations." *AcryliCon*, 985 F.3d at 1364-65 (citations omitted). A plaintiff seeking to establish personal jurisdiction over a nonresident defendant "bears the initial burden of alleging in the complaint sufficient facts to make

out a prima facie case of jurisdiction." *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1350 (11th Cir. 2013) (quoting *Mazer*, 556 F.3d at 1274). The Court accepts all uncontested factual allegations in the complaint as true. *Acrylicon,* 985 F.3d at 1364. When the defendant submits nonconclusory affidavits that controvert the allegations in the complaint, the burden shifts back to the plaintiff to produce evidence supporting the existence of personal jurisdiction. *Louis Vuitton*, 736 F.3d at 1350. "When the plaintiff's complaint and supporting evidence conflict with the defendant's nonconclusory affidavits, the court must construe all reasonable inferences in favor of the plaintiff." *AcryliCon*, 985 F.3d at 1364.

## III. DISCUSSION AND ANALYSIS

Defendant seeks dismissal of the Complaint in this matter or, in the alternative, transfer it to the United States District Court for the Eastern District of Virginia, Norfolk Division ("Eastern District of Virginia"). Doc. 7. In support of the request that this matter should be dismissed, Defendant argues Plaintiff has not alleged sufficient facts to establish personal jurisdiction over it under Alabama's long-arm statute and the Due Process Clause of the Fourteenth Amendment. *Id.* at 2. Specifically, Defendant argues it does not have sufficient minimum contacts with Alabama, has not personally availed itself of the privileges of doing business in Alabama, and Plaintiff's claims do not arise out of, or relate to, Defendant's limited contacts. *Id.* In support of the alternative request that this matter be transferred to the Eastern District of Virginia, Defendant argues Plaintiff could have properly brought her claims in that District Court. *Id.*

In response, Plaintiff denies this Court lacks personal jurisdiction over Defendant but consents to the transfer of this matter to the Eastern District of Virginia, where Defendant is headquartered. Doc. 13.

> [T]o determine whether a court has personal jurisdiction over a nonresident defendant, we generally engage in the following two-step inquiry:

> > First, we determine whether the exercise of jurisdiction is appropriate under the forum state's long-arm statute. Second, we examine whether exercising jurisdiction over the defendant would violate the Due Process Clause of the Fourteenth Amendment, which requires that the defendant have minimum contacts with the forum state and that the exercise of jurisdiction not offend traditional notions of fair play and substantial justice.
>
> *Sloss Indus. Corp. v. Eurisol*, 488 F.3d 922, 925 (11th Cir. 2007) (internal citation and quotations omitted). However, in the case at hand, "the two inquiries merge, because Alabama's long-arm statute permits the exercise of personal jurisdiction to the fullest extent constitutionally permissible." *Id.* (citing ALA. R. CIV. P. 4.2(b); *Sieber v. Campbell*, 810 So. 2d 641, 644 (Ala. 2001)).

*Moore v. Cecil*, 109 F.4th 1352, 1362 (11th Cir. 2024).

> "A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations," without offending due process "when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear* [*Dunlop Tires Operations, S.A. v. Brown*], [564 U.S. 915, 919,] 131 S. Ct. [2846,] 2851 [(2011)] (quoting *Int'l. Shoe Co.* [*v. Washington*], 326 U.S. [310,] 317, 66 S. Ct. [154,] 159 [(1945)]). "[O]nly a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction there." *Daimler AG v. Bauman,* 571 U.S. [117, 137], 134 S. Ct. 746, 760, 187 L.Ed.2d 624 (2014). A corporation's place of incorporation and its principal place of business are "paradigm all-purpose forums." *Id.* And "a corporation's operations in a forum other than its formal place of incorporation or principal place of business" will be "so substantial and of such a nature as to render the corporation at home in that State" only in "exceptional" cases. *Id.* at 761 n.19.

*Carmouche v. Tamborlee Mgmt., Inc.*, 789 F.3d 1201, 1204 (11th Cir. 2015).

> A court may exercise specific personal jurisdiction over nonresident defendants who "purposefully direct[ ]" their "activities toward forum residents" or "purposefully derive benefit" from their in-forum activities. *Burger King* [*v. Rudzewicz*], 471 U.S. [462,] 473–74 [(1985)], 105 S. Ct. 2174 [(1985)] (quotation marks omitted).
>
> Specific jurisdiction is "founded . . . on an idea of reciprocity between a defendant and a State: When (but only when) a company exercises the privilege of conducting activities within a state—thus enjoying the benefits and protection of its laws—the State may hold the company to account for related misconduct." *Ford Motor Co.* [*v. Mont. Eighth Jud. Dist. Ct.*], 592 U.S. [351,] 360, 141 S. Ct. 1017 [(2021)] (internal quotation marks omitted and alterations adopted). So long as a defendant "enjoys the benefits and protection of [a forum's] laws—the enforcement of

> contracts, the defense of property, the resulting formation of effective markets"—it must answer in that forum's courts for related harms. *Id.* at 367–68, 141 S. Ct. 1017.

*Jekyll Island-State Park Auth. v. Polygroup Macau Ltd.*, 140 F.4th 1304, 1317 (11th Cir. 2025).

Here, Plaintiff does not allege facts to establish the citizenship of MLL, nor her own citizenship, and the only conduct that she alleges occurred within this judicial district is MLL allowed her medical insurance coverage to lapse, which caused "cancellations and delays of medical treatment, resulting in prolongation and/or aggravations of [her] aforesaid symptomology." Doc. 1 at 2. "But the plaintiff cannot be the only link between the defendant and the forum. Rather, it is the defendant's conduct that must form the necessary connections with the forum State that is the basis for its jurisdiction over him." *Walden v. Fiore*, 571 U.S. 277, 285-86 (2014) (citations omitted); *see also Branstetter v. Holland America Line N.V.*, 430 F. Supp. 3d 364, 375 (W.D. Tenn. 2019) ("Some courts have found, in part, that a defendant's post-injury payment of maintenance and cure to an individual in a forum state can establish specific personal jurisdiction over a claim for failure to pay maintenance and cure. Those courts, however, did not hold that payment of maintenance and cure, alone, was sufficient to sustain specific jurisdiction. These cases are also distinguishable because the defendants initially paid maintenance and cure, and then stopped. Thus, arguably the injury that led to the cause of action, stopping payment, happened within the state. In the cases finding specific jurisdiction, there was a greater nexus among the forum State, the underlying claims, and the defendants' conduct, i.e., initial recruitment of the plaintiff in the forum state and actions by the defendant in the forum state that created the injury underlying the cause of action." (internal citations and internal footnote omitted)).

Here, Plaintiff did not allege facts as to MLL that would establish either general or specific personal jurisdiction over it in this judicial district. *See* Doc. 1. However, MLL submitted an

affidavit from Edward J. Power, its general counsel, in which he states MLL is a Delaware corporation that is headquartered, and has its principal place of business, in Norfolk, Virginia, and MLL is neither registered to do business, conducts business, has offices or employees, nor offers or provides services in the State of Alabama. *Id.* at 1-3. Plaintiff does not dispute MLL's assertions as to personal jurisdiction and consents to the transfer of this matter to the Eastern District of Virginia. Doc. 13. Accordingly, the Court finds this judicial district does not have personal jurisdiction of MLL.

Rather than dismiss this matter, the Court considers the alternative request to transfer this matter. 28 U.S.C. § 1406(a) states: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." *See also* 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.").

> The language of § 1406(a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue, whether the court in which it was filed had personal jurisdiction over the defendants or not. The section is thus in accord with the general purpose which has prompted many of the procedural changes of the past few years—that of removing whatever obstacles may impede an expeditious and orderly adjudication of cases and controversies on their merits. When a lawsuit is filed, that filing shows a desire on the part of the plaintiff to begin his case and thereby toll whatever statutes of limitation would otherwise apply. The filing itself shows the proper diligence on the part of the plaintiff which such statutes of limitation were intended to insure. If by reason of the uncertainties of proper venue a mistake is made, Congress, by the enactment of § 1406(a), recognized that "the interest of justice" may require that the complaint not be dismissed but rather that it be transferred in order that the plaintiff not be penalized by what the late Judge Parker aptly characterized as "time-consuming and justice-defeating technicalities." It would at least partially frustrate this enlightened congressional objective to import ambiguities into § 1406(a) which do not exist in the language Congress used to achieve the procedural reform it desired.

*Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466-67 (1962).

Venue is proper in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;" "(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated;" or "(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b)(1)-(3).

Here, the parties agree this matter could have been brought in the Eastern District of Virginia, a judicial district in which MLL is considered a resident for venue purposes and subject to that District Court's personal jurisdiction, based on its principal place of business. *See* 28 U.S.C. § 1391(c)(2) ("[A]n entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question.").

Therefore, the Court finds the interests of justice favor transfer of this matter to a proper venue in lieu of a dismissal of this action.

## IV. CONCLUSION

Accordingly, Defendant Maersk Line, Limited's. Motion to Dismiss Plaintiff's Complaint for Lack of Personal Jurisdiction (Doc. 7) is **GRANTED in part and DENIED as moot in part**. The motion is **GRANTED** as to Defendant Maersk Line, Limited's, alternative motion to transfer this matter to an appropriate judicial district and **DENIED as moot** as to its other requested relief. This matter is, therefore, **TRANSFERRED** to the United States District Court for the Eastern

District of Virginia, Norfolk Division.

**DONE** and **ORDERED** this 31st day of August 2026.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE